**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

Lyle W. Cayce
Clerk

No. 11-31217

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

GEORGE WILLIAM JARMAN,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before JONES, Chief Judge, and OWEN and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Congress has spoken clearly in favor of protecting victims of child pornography. *See generally* Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901 *et seq.* (2008). One aspect of their solicitude is the statute at issue in this case, 18 U.S.C. § 3509(m), which contains specific instructions that mandate government retention of child pornography evidence during criminal proceedings:

> (m) Prohibition on reproduction of child pornography.--
>
> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) *shall remain* in the care,

No. 11-31217

custody, and control of either the Government or the court.

(2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court *shall deny*, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material *reasonably available* to the defendant.

(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government *provides ample opportunity* for inspection, viewing, and examination *at a Government facility* of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m) (emphases added). Because third-party child victim interests are at stake, *see New York v. Ferber*, 458 U.S. 747, 757-759 (1982), because Congress's imperative is clear and indisputable, and because the government would have no other adequate means to vindicate its interpretation of the statute, a violation of Congress's discovery retention directive might well be amenable to mandamus relief. *See United States v. Williams*, 400 F.3d 277, 280-81 (5th Cir. 2005). We consider the instant matter under that All Writs Act, 28 U.S.C. § 1651, authority, therefore.

Section 3509(m)'s retention mandate that child pornography remain in the government's possession applies as long as the material is made "reasonably available" to the defendant for purposes of Federal Rule of Criminal Procedure 16. The statute further states that the material *is* "reasonably available" at a government facility as long as the government provides "ample opportunity" for the defendant to inspect, view, and examine the material.

No. 11-31217

The district court in this case found that the government failed to provide Jarman with ample opportunity to examine the child pornography evidence at a government facility. In arriving at this factual conclusion, *see United States v. Dartez*, 318 F. App'x 308, 310 (5th Cir. 2009) (unpublished) (citing *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)), the district court reviewed an affidavit in which Jarman's computer forensics expert attested that she could not perform all forensic processes because of "time limitations and restrictions" she encountered. The district court additionally held a one-day hearing in which Jarman's expert was the only witness and she testified that she could not conduct a complete and thorough examination of the hard drives at the provided government facility. Exercising its discretion, the government did not cross-examine the expert regarding her assertions relating to inspection of child pornography evidence in this case, nor did the government call witnesses to describe the feasibility of a full analysis of the child pornography evidence in this case at a government facility, or the extensiveness of inspection provisions free of unnecessary intrusion. *See Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

In light of the absence of evidence rebutting the affidavit and testimonial assertions of Jarman's expert, we cannot conclude that the district court's factual determination of no "ample opportunity" at the government facility rose to clear error, which, we have said, might otherwise justify mandamus relief. *See Will v. United States*, 389 U.S. 90, 95 (1967) ("only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy") (citation omitted). We nonetheless emphasize that to the extent that the district court equated inconvenience to the expert or complexity of the case with a failure to make child pornography evidence reasonably available, we reject such rationale. *See United States v. Kimbrough*, 69 F.3d 723, 731 (5th Cir. 1995). As stated explicitly by Congress, when the government makes child pornography material available for examination at a

government facility, that *is* reasonable availability, and the only issue to be resolved pretrial relating to § 3509(m) discovery is whether the government inspection conditions imposed on a defendant's access at that facility do not "provide[] ample opportunity" to inspect, view, or examine the material.

The district court's order is AFFIRMED.